## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| B.W.K., a minor who sues by and through his Mother and Next Friend, ALYSSA HAMM NILL, <br> Plaintiff, <br> v. <br><br> THE HOUSTON COUNTY BOARD OF EDUCATION; BRANDY WHITE; MISTY FREEMAN; SHARON LEROY; AND ERICA INGALLS; <br> Defendants. | CASE NO. <br>     **1:26-CV-636** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through his undersigned counsel, and hereby files this Complaint, demanding a trial by jury, and alleges the following:

### PARTIES

1. Plaintiff B.W.K. is a resident of Houston County, Alabama and is a minor child suing by and through his Mother and Next Friend, Alyssa Hamm Nill. Walker is a profoundly deaf child and is an individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102 and Section 504 of the Rehabilitation Act, 29 U.S.C. §705.

2. Defendant The Houston County Board of Education ("Defendant HCBOE") is a public school board overseeing a public school system located in Houston County, Alabama, to include Ashford Elementary School.

3.     Defendant Brandy White ("Defendant White"), is a resident of Houston County, Alabama, is nineteen (19) years of age or older, and is the Superintendent of the Houston County School.

4.     Defendant Erica Ingalls ("Defendant Ingalls") is a resident of Houston County, Alabama, is nineteen (19) years of age or older, and was, for all times pertinent to this Complaint, employed as the school nurse at Ashford Elementary School.

5.     Defendant Misty Freeman ("Defendant Freeman") is a resident of Houston County, Alabama, is nineteen (19) years of age or older, and was, for all times pertinent to this Complaint, the Director of Special Education for elementary aged students for the Houston County School System.

6.     Defendant Sharon LeRoy is a resident of Houston County, Alabama, is nineteen (19) years of age or older, and was, for all times pertinent to this Complaint, the Principal of Ashford Elementary School.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the parties and over the the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1367 as this action arises under the laws of the United States and laws of the State of Alabama, all of which derive from a common nucleus of operative fact.

8.     Venue is proper in this Honorable Court, pursuant to 28 U.S.C. §1391, because a substantial part of the events and/or omissions giving rise to the Plaintiff's claim occurred in Houston County, Alabama.

## STATEMENT OF FACTS

2

9.    At the time of the events giving rise to the claims alleged hereinbelow, B.W.K. was a deaf, seven (7) year-old first grade student, enrolled at Ashford Elementary School, which is one of the schools run by Defendant HCBOE.

10.    As a result of his impairment, B.W.K. is considered a child with a disability, and he is issued an individualized education plan (IEP), no less than annually, designed to provide him a fair and appropriate public education in a least restrictive environment, in line with his peers.

11.    B.W.K. struggled with language and audible communication prior to starting school and in both pre-K and Kindergarten.

12.    So, very early on in B.W.K.'s education path, his IEP team (made up of Defendant Freeman, other educators, and Allyssa Hamm Nill, B.W.K.'s Mother) determined that he needed a sign language interpreter with him at all times.

13.    This was listed as an express requirement in B.W.K.'s IEP for prior years and for the 2024-2025 school year.

14.    During his Kindergarten year, B.W.K. had a capable, full-time interpreter, Carley Cook Carroll (f/k/a Carley Cook), with him at almost all times.

15.    At some point while helping B.W.K. during his Kindergarten year, Ms. Carroll completed her master's degree.

16.    Ms. Carroll then reached out to her direct supervisor, Defendant Freeman, and asked for a raise commensurate with her newly acquired degree.

17.    Ms. Carroll then either got no answer or an answer denying her request from Defendant Freeman.

3

18. Ms. Carroll then put in her notice and left the employ of Defendant HCBOE, taking a comparable job with more appropriate pay with the Henry County Board of Education.

19. Defendants were notified during the Summer of 2024, prior to the school year beginning, that no interpreter was in place for B.W.K. to start the new school year.

20. Plaintiff's Mother, Mrs. Nill, reached out to Defendant Freeman, Defendant White, and members of Defendant HCBOE multiple times in the weeks leading up to the first day of school, inquiring about an interpreter for B.W.K..

21. Defendant White assured Mrs. Nill that an interpreter would be in place on the first day of school and encouraged Mrs. Nill not to worry.

22. Before the school year began, Defendant HCBOE knew that B.W.K. was deaf, knew he required an interpreter, knew this was an express provision of his IEP, knew the interpreter position was vacant, and knew that no qualified replacement had been hired.

23. Despite this, Defendant HCBOE permitted school to begin without providing Walker with an interpreter or any comparable auxiliary aid or service to ensure effective communication.

24. So, when B.W.K. attended Ashford Elementary School for his first day of first grade on Tuesday, August 6, 2024, no interpreter or replacement was present.

25. Later that morning, the time came for students who are administered medications to go see the School Nurse, Defendant Erica Ingalls, to receive their dosages.

26. Plaintiff B.W.K.'s teacher sent B.W.K. and another child to the School Nurse's office.

4

27. Upon arrival, Defendant Ingalls asked both children their names.

28. The other child responded by stating his own name, but Plaintiff B.W.K. could not understand and could not respond to Defendant Ingalls.

29. With no interpreter present, Defendant Ingalls asked the other child, another young first grader in school for the first day that year, if Plaintiff B.W.K. was a certain name, but the name that she inquired about was not Plaintiff B.W.K.'s name.

30. Upon information and belief, Plaintiff alleges that the other child gave Defendant Ingalls a response, and Defendant Ingalls then administered medications to B.W.K.

31. Upon further information and belief, the medications that Defendant Ingalls administered were prescriptions intended for another child and not B.W.K.. The medications were an antipsychotic medication and an ADHD stimulant in an amount significantly greater than the dosage of the non-stimulant medication normally taken by Plaintiff B.W.K.

32. This medication caused Plaintiff to become tachycardic, and he did not sleep for a period of forty-five (45) straight hours as a result of being administered these medications.

33. Plaintiff B.W.K. suffered physical pain, emotional distress, fear, and anxiety from this.

34. Plaintiff has suffered long-term harm as well.

35. Plaintiff's harm is both a proximate and actual result of Defendants' wrongful conduct.

5

## COUNT I
## ALABAMA MEDICAL LIABILITY ACT

36.    Plaintiff incorporates paragraphs 1-35 hereinabove as if fully set out herein.

37.    Plaintiff avers that Defendant Erica Ingalls has breached the minimum standard of care required of her by failing to use such reasonable care, diligence, and skill as nurses, school nurses, nurse practitioners, nursing assistants, medical professionals, and/or other medical providers in the same general neighborhood, in the same general line of practice ordinarily have and exercise in a like case.

38.    Plaintiff further avers that Defendant Erica Ingalls has breached the minimum standard of care required of her in rendering services to the Plaintiff by failing to use that degree of care, skill, and diligence used by other nurses, school nurses, nurse practitioners, nursing assistants, medical professionals, and/or other medical providers generally in the community.

39.    Defendant Erica Ingalls has breached the minimum standard of care in one or more of, but not limited to, the following ways:

    a. Failing to confirm the identity of a patient prior to administering medications;

    b. Taking inadequate steps to confirm the identity of a patient prior to administration of medications;

    c. Administering prescription medications to a patient without confirming the prescription;

    d. Failing to adequately assess a patient's condition;

    e. Failing to adequately hire, train, and/or supervise appropriate staff; and

6

f. Defendant Ingalls' agents or employees acted in a manner below the minimum standard of care and did so while acting within the line and scop of their employment/agency, within Defendant Ingalls' control, and in furtherance of Defendant Ingalls' interests at the time.

40. Plaintiff was harmed as an actual and proximate result of Defendant Erica Ingalls' breach of her minimum standard of care.

41. Defendant Ingalls' is alleged to have acted willfully, maliciously, fraudulently, in bad faith, beyond her respective authority, and/or under a mistaken interpretation of law, and is accordingly being sued in her individual capacity.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff B.W.K. demands judgment against Defendant Erica Ingalls' in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory damages, plus interest and all costs of this proceeding.

## COUNT II
## NEGLIGENCE

42. Plaintiff incorporates paragraphs 1-35 hereinabove as if fully set out herein.

43. Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls all had a duty to act as a reasonably prudent and similarly situated person would, including, but not limited to, ensuring that an interpreter or a sufficient temporary replacement was in place for Plaintiff B.W.K., ensuring that protocol concerning administration of medication was followed, and ensuring medications were administered in a safe manner.

44. Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls knew, or should have known, that failing to act as a reasonably prudent and similarly situated person could lead to harm such as that sustained by Plaintiff.

45. Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls breached their duty by, among other things, failing to ensure that Plaintiff had an interpreter with him during his first day of school, failing to ensure a sufficient temporary replacement or alternative was in place for Plaintiff B.W.K., failing to ensure protocols were followed concerning the administration of medications, and failing to ensure that medications were administered in a safe manner.

46. The negligent conduct of Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls is an actual and proximate cause of Plaintiff's injuries and damages described herein.

47. Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls are alleged to have acted willfully, maliciously, fraudulently, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of law, and are accordingly being sued in their individual capacity.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff B.W.K. demands judgment against Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory damages, plus interest and all costs of this proceeding.

## COUNT III

8

## WANTONNESS

48. Plaintiff incorporates paragraphs 1-35 hereinabove as if fully set out herein.

49. Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls had a duty to act as a reasonably prudent and similarly situated person would, including, but not limited to, ensuring that an interpreter or a sufficient temporary replacement was in place for Plaintiff B.W.K., ensuring that protocol concerning administration of medication was followed, and ensuring medications were administered in a safe manner.

50. Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls knew, or should have known, that recklessly and/or wantonly failing to act as a reasonably prudent and similarly situated person could lead to harm such as that sustained by Plaintiff.

51. Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls recklessly and/or wantonly breached their duty of care by, among other things, failing to ensure that Plaintiff had an interpreter with him during his first day of school, failing to ensure a sufficient temporary replacement was in place for Plaintiff B.W.K., failing to ensure protocols were followed concerning the administration of medications, and failing to ensure that medications were administered in a safe manner.

52. The reckless and/or wanton conduct of Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls is an actual and proximate cause of Plaintiff's injuries and damages described herein.

53.     Plaintiff claims damages, both compensatory and punitive, against Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls for their reckless and/or wanton actions and/or inactions described herein.

54.     Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls are alleged to have acted willfully, maliciously, fraudulently, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of law, and are accordingly being sued in their individual capacity.

**WHEREFORE THE ABOVE PREMISES CONSIDERED,** Plaintiff demands judgment against Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding.

## COUNT IV
## NEGLIGENT AND/OR WANTON HIRING, TRAINING, AND/OR SUPERVISION

55.     Plaintiff incorporates paragraphs 1-35 hereinabove as if fully set out herein.

56.     Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls had a duty to ensure that all employee(s) and/or agent(s) who rendered care and/or services in the scope of their employment with Defendant White, Defendant Freeman, Defendant LeRoy, and/or Defendant Ingalls, were adequately hired, trained, and/or supervised to do so, as a reasonably prudent and similarly situated person would.

57.     Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls are, therefore, responsible for all acts committed by those employee(s) and/or agent(s)

10

who were not adequately hired, trained, and/or supervised in rendering care and/or services within the line and scope of their employment and agency.

58.     Plaintiff alleges that Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls breached their duty by failing to exercise proper care and/or diligence to ensure that their employee(s) and/or agent(s) were qualified to render care and/or services as a reasonably prudent and similarly situated person would when hiring said employee(s) and/or agent(s); and/or by failing to ensure that their employee(s) and/or agent(s) rendered care and/or services as a reasonably prudent and similarly situated person and/or entity would while in the scope of their employment.

59.     As a proximate and direct result of Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls' failure to adequately hire, train, and/or supervise their employee(s) and/or agent(s), Plaintiff suffered injuries and damages as described herein.

60.     Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls are alleged to have acted willfully, maliciously, fraudulently, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of law, and are accordingly being sued in their individual capacity.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages (where available at law), plus interest and all costs of this proceeding.

## COUNT V

11

## RESPONDEAT SUPERIOR

61.     Plaintiff incorporates paragraphs 1-35 hereinabove as if fully set out herein.

62.     Plaintiff was the victim of negligent, reckless, and/or wanton conduct on the part of Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls' employee(s) and/or agent(s), including, but not limited to, said employee(s) and/or agent(s) negligently, recklessly, and/or wantonly acting or failing to act in a manner as a reasonably prudent and similarly situated person and/or entity, so as to ensure that an interpreter or a sufficient temporary replacement was in place for Plaintiff B.W.K., to ensure that protocol concerning administration of medication was followed, and to ensure medications were administered in a safe manner.

63.     At all times pertinent hereto, these employee(s) and/or agent(s) worked for Defendant White, Defendant Freeman, Defendant LeRoy, and/or Defendant Ingalls and were acting within the line and scope of their employment, within Defendant White, Defendant Freeman, Defendant LeRoy, and/or Defendant Ingalls' control, and in furtherance of Defendant White, Defendant Freeman, Defendant LeRoy, and/or Defendant Ingalls' interests at the time of their negligent, reckless, and/or wanton conduct resulting in Plaintiff's injuries and damages.

64.     As a proximate and direct result of Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls' employees' negligent, reckless, and/or wanton acts and/or omissions, Plaintiff suffered injuries and damages as described herein.

65.     Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls are alleged to have acted willfully, maliciously, fraudulently, in bad faith, beyond their

respective authority, and/or under a mistaken interpretation of law, and are accordingly being sued in their individual capacity.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant White, Defendant Freeman, Defendant LeRoy, and Defendant Ingalls, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages (where available at law), plus interest and all costs of this proceeding.

## COUNT VI
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

66.    Plaintiff incorporates paragraphs 1-35 hereinabove as if fully set out herein.

67.    Plaintiff is a qualified individual under Title II of the Americans with Disabilities Act as B.W.K. is deaf and has an IEP, which at the time required an interpreter.

68.    Defendant Houston County Board of Education is a public entity.

69.    Educational services, medication administration, and school health services, are services, programs, and/or activities of Defendant Houston County Board of Education.

70.    Defendant HCBOE denied Plaintiff the benefits of and meaningful access to these services.

71.    Defendant HCBOE discriminated against Plaintiff, as Plaintiff's denial of benefits was by reason of his disability. Defendant HCBOE knew that Plaintiff was deaf, knew his interpreter resigned, knew his IEP required an interpreter, and provided no replacement. Moreover, the Defendant HCBOE knew or should have known that the school nurse could not communicate with a deaf child.

13

72. Nevertheless, Defendant HCBOE failed to provide the communication accommodations necessary to permit Plaintiff B.W.K. equal access to school nursing services.

73. Here, Defendant HCBOE had actual knowledge that a federally protected right was substantially likely to be violated, yet they failed to adequately respond.

74. Accordingly, such denial of benefits was done with deliberate indifference.

75. Plaintiff suffered harmed as a result, and said harm was as a direct and proximate result of Defendant HCOBE's violations of Title II of the ADA.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant Houston County Board of Education in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages (where available at law), plus interest and all costs of this proceeding.

**COUNT VII**
**SECTION 504 OF THE REHABILITATION ACT**

76. Plaintiff incorporates paragraphs 1-35 hereinabove as if fully set out herein.

77. Plaintiff is a qualified individual with a disability.

78. Defendant HCBOE receives federal financial assistance.

79. Plaintiff was entitled to participate in and receive the benefits of Defendant HCBOE's educational programs and school health services.

80. Defendant HCBOE denied Plaintiff meaningful access to those services by failing to provide effective communication through appropriate auxiliary aids and services.

14

81.     Plaintiff was excluded from and denied the benefits of Defendant HCBOE's educational programs and school nursing and medication administration services solely by reason of his disability.

82.     Defendant HCBOE had actual knowledge that Plaintiff required interpreter services.

83.     Defendant, nevertheless, failed to provide those services, despite having the authority and opportunity to do so.

84.     Defendant HCBOE's conduct constituted deliberate indifference to Plaintiff's federally protected rights.

85.     As a direct and proximate result of Defendant HCBOE's violations of Section 504, Plaintiff suffered physical injury, emotional distress, mental anguish, pain and suffering, medical expenses, and other damages previously articulated hereinabove.

**WHEREFORE THE ABOVE PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant Houston County Board of Education in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages (where available at law), plus interest and all costs of this proceeding.

**RESPECTFULLY** submitted this the 5th day of August, 2026.

By: _____

**WESTON T. BELL** (ASB# 2336Q12H)

OF COUNSEL:
**HALL & BELL, ATTORNEYS AT LAW**

15

360 North Oates Street
Post Office Box 1748
Dothan, Alabama 36303/36302
(334) 793-3610
wes@hallandbell.com
By:

ALEX ALRED (ASB# 5600S23T)


OF COUNSEL
Alex Alred
**The Alred Firm**
PO Box 2522
Birmingham, AL 35202
(205) 202-0464
alex@alredlaw.com


**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**


OF COUNSEL


OF COUNSEL

16

**DEFENDANTS TO BE SERVED BY PRIVATE PROCESS SERVER**

Houston County Board of Education
404 West Washington St.
Dothan, Alabama 36301

Brandy White
1066 BJ Mixon Rd.
Cottonwood, Alabama 36320

Dr. Misty Freeman
404 West Washington St.
Dothan, Alabama 36301

Sharon LeRoy
200 Ontario Dr.
Dothan, Alabama 36301

Erica Ingalls
483 Charles Rd.
Pansey, Alabama 36370

OF COUNSEL

OF COUNSEL

17